IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONE RAMONE POPE,<br>    Plaintiff,<br><br>    v.<br><br>WALMART,<br>    Defendant. | C.A. No. 19-375 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

On December 26, 2019, Plaintiff Lamone Ramone Pope, initiated this *pro se* action against Defendant Walmart claiming that he was wrongfully terminated from his employment as a seasonal toy sales associate at the Walmart store at 2711 Elm Street, Erie, Pennsylvania. Specifically, Plaintiff alleges that he was terminated "without a good reason" due to a "he said, she said" situation. (ECF No. 6, complaint, at p. 5). In particular, Plaintiff alleges that other employees wrongfully accused him of frequently leaving his assigned work area in the toy department and not doing his work. (ECF No. 6-1, at p. 1).

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief may be granted [ECF No. 16]. Plaintiff has filed two responses to Defendant's motion [ECF Nos. 24, 25], essentially reiterating the allegations of his complaint. Defendant has since filed a reply brief noting that Plaintiff has failed to raise any argument sufficient to overcome its motion to dismiss [ECF No. 26]. This matter is now ripe for consideration.

## II. DISCUSSION

### A. Wrongful Termination

As Defendant notes, although Plaintiff alleges in his complaint that this Court's jurisdiction is based on a federal question (ECF No. 6, at p. 4), he has not raised any allegations of discriminatory or retaliatory conduct on the part of Defendant. He simply alleges that his employment was wrongfully terminated based upon his coworkers' false statements regarding his work ethic. Thus, the sole claim at issue in this case is a wrongful termination claim under Pennsylvania law.

"In Pennsylvania, 'as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship.'" Spyridakis v. Reisling Group, Inc., 398 Fed.Appx. 793, 798-799 (3d Cir. 2010), quoting Weaver v. Harpster, 975 A.2d 555, 562 (Pa. 2009).[1] Typically, an at-will employee "may be terminated at any time, for any reason or for no reason." Stumpp v. Stroudsburg Mun. Auth., 658 A.2d 333, 335 (Pa. 1995). "'Exceptions to this rule have been recognized in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy.'" Spyridakis. 398 Fed.Appx. at 799, quoting Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989). Specifically, the Third Circuit Court has recognized "three limited circumstances in which public policy will trump employment at-will:"

> '[A]n employer (1) cannot require an employee to commit a crime [and fire the employee for refusing to do so], (2) cannot prevent an employee

---

[1] According to Defendant, Plaintiff was a seasonal, at-will employee hired to work only during the Christmas holiday season. (ECF No. 16, at ¶ 15)

>      from complying with a statutorily imposed duty, and (3) cannot discharge
>      an employee when specifically prohibited from doing so by statute.'

Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 111 (3d Cir. 2003), quoting Hennessey v. Santiago, 708 A.2d 1269, 1273 (Pa,Super. 1998). None of these circumstances has been alleged here. Thus, Plaintiff has failed to allege a viable claim of wrongful termination under Pennsylvania law and his complaint will be dismissed accordingly.

### B. Amendment

The law of this circuit holds that, "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir.2008). Based on the foregoing discussion, the Court concludes that Plaintiff's claim is incapable of remediation. Even if Plaintiff chose to amend his complaint to raise, for the first time, allegations of discriminatory conduct, his claim would still be subject to dismissal based upon his failure to exhaust administrative remedies under 42 U.S.C. 2000e-5(e)(1), which requires a plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful practice, or within 300 days if the alleged discriminatory conduct was initially reportable to an equivalent state agency. Thus, Plaintiff's claim will be dismissed, with prejudice.

An appropriate order follows.